IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MIKISA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-771-RAH |
| ) | |
| FOUNDEVER, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On October 30, 2025, the Magistrate Judge recommended that the Defendant's *Motion to Dismiss Plaintiff's Second Amended Complaint* ("SAC") (doc. 33) be granted with respect to Plaintiff's state law claim for intentional infliction of emotional distress but that it be denied in all other respects. On November 13, 2025, Defendant filed its *Objections to the Recommendation of the United States Magistrate Judge* (doc. 39), in which Defendant advanced three errors by the Magistrate Judge: (1) failing to dismiss the Title VII (Count I[1]) claim to the extent it attempted to plead a hostile work environment theory; (2) failing to dismiss Plaintiff's Title VII ADA retaliation claims (Counts II and V) because the Magistrate Judge misinterpreted Plaintiff's alleged protected activity; and (3) failing to rule upon or dismiss Plaintiff's constructive discharge claim.

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive

---

[1] Defendant does not object to the Magistrate Judge's conclusion that Count I sufficiently pleads a disparate treatment claim based on tangible employment actions.

further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's report and recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

## Hostile Work Environment Theory

Defendant argues that, as pleaded, Plaintiff fails to adequately allege a hostile work environment theory and therefore the Magistrate Judge should not have recommended against dismissal of Count I. Defendant's objection is due to be overruled. Contrary to Defendant's assertion, Count I does not assert a hostile work environment theory, nor did the Magistrate Judge conclude that Count I pleads such a theory. Instead, Count I is titled "Discrimination in Violation of Title VII of the Civil Rights Act of 1966" and alleges Plaintiff was subjected to "disparate treatment based on her national origin and religion," that Defendant failed to take sufficient remedial actions when Plaintiff complained, and that Defendant treated similarly situated employees not of African or Jamaican nationality with more favor. Earlier in the Second Amended Complaint (SAC), Plaintiff describes that disparate treatment as the denial of an additional hour off unlike other employees, modification of her ADA accommodations, micromanagement of her work, false accusations of time theft, isolating Plaintiff from her coworkers by removing her coworkers from her area, and denial of her FMLA leave but granting it for others. Plaintiff does not indicate that she is claiming disparate treatment through a hostile work environment.

2

While disparate treatment can take the form of either a tangible employment action, such as a firing or demotion, or of a hostile work environment that changes the terms and conditions of employment, they are distinct legal theories. And to state a hostile work environment theory under Title VII, a plaintiff must show: "(1) [s]he belongs to a protected group; (2) [s]he was subjected to unwelcome harassment; (3) the harassment was based on h[er] membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability." *Nurse v. City of Alpharetta*, 775 F. App'x 603, 607 (11th Cir. 2019) (quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010)).

This Court does not interpret Count I as asserting such a claim.[2] Undoubtedly, Count I raises a disparate treatment claim based on tangible employment actions, which Defendant does not challenge at this stage. As such, Defendant's objection is overruled on mootness grounds.

### Title VII and ADA Retaliation Claims

Defendant argues that, as pleaded, Plaintiff's Title VII and ADA retaliation claims (Counts II and V) should be dismissed and therefore the Magistrate Judge's recommendation against dismissal of the retaliation claims should be rejected. In particular, Defendant points to the factual inaccuracy concerning Plaintiff's EEOC charge which, as Defendant notes, was filed after Plaintiff was allegedly constructively discharged. According to Defendant, there could be no retaliatory discharge when the EEOC charge had yet to be filed.

---

[2] But even if Plaintiff intended to assert a Title VII hostile work environment claim in Count I, Plaintiff clearly has not sufficiently pleaded it. Nor would asserting it in the manner that she has done, pass muster under shotgun complaint considerations. In short, that theory, if pleaded, would be dismissed.

Defendant is correct that the EEOC charge reflects that it was filed after Plaintiff's employment with Defendant had ended. As such, there could be no retaliatory constructive discharge if the protected conduct at issue was the filing of the EEOC charge. Accordingly, Defendant's objection to the Magistrate Judge's recommendation on this point is due to be sustained.

This therefore leaves for consideration whether Plaintiff has satisfactorily pleaded Title VII and ADA retaliation claims based on other kinds of protected conduct, such as internal grievances or complaints to Plaintiff's supervisors or management. She has not. To assert a retaliation claim, a plaintiff must plausibly allege that she "exercised her protected rights, an adverse employment action occurred, and the adverse action was causally related to the plaintiff's protected activities." *E.E.O.C. v. Reichhold Chemicals, Inc.*, 988 F.2d 1564, 1571 (11th Cir. 1993). To satisfy the causal link element of a retaliation claim, the plaintiff need only establish that "the protected activity and the negative employment action are not completely unrelated." *Id.* at 1571–72.

To that end, while Plaintiff broadly pleads that she engaged in protected activity by making reports of disparate treatment to her supervisors, she does not sufficiently allege when, to who exactly, what she reported exactly, or what happened after she reported and when. While it is not an exacting standard, Plaintiff still must plead enough facts, when taken as true, plausibly supports each of the elements of a Title VII and ADA retaliation claim. And here, Plaintiff's allegations are vague, conclusory and largely void of any showing that she was retaliated against because of engaging in protected activity. The Court agrees that Plaintiff has not pleaded plausible Title VII and ADA retaliation claims.

## Constructive Discharge

Defendant's third and final objection to the Magistrate Judge's recommendation is that the Magistrate Judge did not address the merits of

4

Defendant's motion to dismiss Plaintiff's constructive discharge claim, which according to Defendant, should be dismissed. Defendant is correct that the Magistrate Judge failed to address this claim. As such, this Court will address it.

First, to the extent the claim is based upon the EEOC charge, the claim is due to be dismissed. As the SAC and record shows, the EEOC charge was filed after Plaintiff's employment with Defendant ended. Thus, whether Plaintiff quit, was fired, or was constructively discharged, the filing of the EEOC charge could not satisfy the protected activity element of a retaliation claim, as it fails to causally relate to any subsequent adverse employment action.

Second, whether based in Title VII or the ADA, Plaintiff also alleges that she was retaliatorily discharged after she engaged in protected activity when she made reports of disparate treatment to her supervisors. But again, Plaintiff is short on details. Her allegations are vague, conclusory and confusing, and far from supporting any inference that her working conditions were "so intolerable that a reasonable person in her position would have been compelled to resign," *Thomas v. Dillard Dep't Stores, Inc.*, 116 F.3d 1432–34 (11th Cir. 1997), or that she gave her employer adequate "time to remedy the situation," *Kilgore v. Thompson & Brock Management, Inc.*, 93 F.3d 752, 754 (11th Cir. 1996). Again, she does not allege when, to whom exactly, what she reported exactly, or what happened afterward, or the details surrounding her separation from Defendant. While it is not an exacting standard, Plaintiff still must plead enough facts, when taken as true, to plausibly support each of the elements of a retaliatory constructive discharge claim. And here, Plaintiff's allegations are vague, conclusory, and largely void of any showing that she was retaliated against because of engaging in protected activity. The Court agrees that Plaintiff has not pleaded a plausible retaliatory constructive discharge claim.

\* \* \* \* \*

Accordingly, and for good cause, it is **ORDERED** as follows:

1. Defendant's objections (doc. 39) to the Recommendation (doc. 38) regarding Count I are **OVERRULED**, and therefore Defendant's Motion to Dismiss (doc. 33) as to Count I is **DENIED**;

2. Defendant's objections (doc. 39) to the Recommendation (doc. 38) regarding Counts II and V are **SUSTAINED**, and therefore Defendant's Motion to Dismiss (doc. 33) as to Counts II and V is **GRANTED**;[3]  Counts II (Title VII retaliation), V (ADA disability retaliation), and VI (intentional infliction of emotional distress) of the Second Amended Complaint are **DISMISSED** without prejudice;

3. This case shall proceed on Counts I (tangible employment action disparate treatment only), III (ADA failure to accommodate), and IV (ADA disability discrimination) of the Second Amended Complaint; and,

4. This case is referred back to the Magistrate Judge for further proceedings.

**DONE** on this the 5th day of January 2026.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Court interprets the SAC as asserting only a retaliatory constructive discharge claim through Counts II and V.  As such, dismissal of Counts II and V also results in dismissal of the constructive discharge claim.